UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-128 |
| | ) | Judge VARLAN |
| | ) | |
| STEVEN A. HUMPHRIES | ) | |

**UNITED STATES SENTENCING MEMORANDUM**

The United States of America, by the United States Attorney for the Eastern District of Tennessee submits the following sentencing recommendation with respect to the defendant, Steven A. Humphries. For the reasons set forth herein, the United States respectfully submits that a sentence of life within the applicable statutory range of thirty-five (35) years to life is the only appropriate sentence.

**STATEMENT OF FACT**

*1. Overview*

In 2003 the defendant pled guilty to especially aggravated sexual exploitation of a minor, aggravated sexual battery and sexual exploitation of a minor against two minor girls under the age of thirteen. For just over three years he sexually molested the two pre-pubescent girls and produced materials of the sexual molestation. The defendant took away his victims childhood and victimized the two girls, mentally branding them with the acts of his molestation on them which they will carry with them for the rest of their lives.

For the crimes and emotional turmoil the defendant foisted upon his minor victims he received only eight (8) years at thirty (30) percent from the state of Tennessee. The defendant, unlike his victims, was given a chance at a fresh start to be a productive member of society.

Humphries chose not to rehabilitate, instead he chose to victimize a third prepubescent little girl, as well as support the productions of hundreds of thousands of other child pornography (CP).

AS was six or seven at the time the defendant molested her on at least two occasions between November of 2015 and December of 2016. The defendant, had honed his skills and knew who would be easy prey. Defendant befriended AS's mother who was at the time battling drug addiction. AS was being shuttled between her mother and grandmother depending on her mother's ability to care for AS. During the time frame of November of 2015 and December of 2016, AS's mother had rented a home for she and AS. AS's mother believed the defendant was a friend although not having known him for very long. Unbeknownst to AS's mother, the defendant came to her home, set up a camera in AS's bedroom on two different occasions and filmed himself molesting AS.

The molestation came to light when a warrantless search of the defendant's home was conducted on October 2018, pursuant to the defendant's specialized conditions on parole and lifetime community supervision. Upon execution of the search, on the defendant's bed was found a waterproof container, 26 portable USB drives, 3 SD cards and 3 portable hard drives which contained approximately 217,835 images to include videos of CP. It is believed the defendant was hiding his CP in the pond on his property.

A forensic examination conducted on the computer storage tools found in the defendant's bedroom revealed a deleted video and snippets take from a second video of the Defendant molesting AS.

## ANALYSIS

1. ***The factors stated in 18 U.S.C. § 3553(a)(2) favor the imposition of a sentence within the prescribed statutory range.***

As the Court and the defendant are aware, the sentence to be imposed should be "sufficient, but not greater than necessary," to meet the following needs as set forth in 18 U.S.C. § 3553(a)(2), three of the factors to be considered in this case are:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant.

    ***a. A sentence of life within the applicable statutory range would reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the defendant.***

The sentence to be imposed should be sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment. The defendant has to date admitted to the production of CP of three minors wherein he is the molester, there is only one sufficient sentence and that is life.

The magnitude of defendant's willingness to molest any children let alone three is abhorrent. Our society through the criminal system gave the defendant a chance to redeem himself, a second chance to be a productive member of society. At the sake of our children we placed him back in society, and allowed him to terrorize another child.

There are no other sentencing options, this defendant has no respect for the law or the innocence of children. Only a sentence of life would be of sufficient severity to reflect the seriousness of the defendant's offenses and provide just punishment.

    ***b. A sentence to include imprisonment would afford adequate deterrence to criminal conduct.***

Section 3553 also guides the Court to consider the need for a sentence that affords

adequate deterrence to criminal conduct. From the standpoint of sentencing, deterrence takes two forms: (1) specific deterrence, to deter similar crimes by the defendant who is being sentenced, and (2) general deterrence, to deter criminal actions by others who may contemplate committing similar offenses.

In this case it is obvious from the defendant's serial production of CP on young girls he is telling this court in a loud clear voice he has no intention of being deterred. The Defendant's crimes for which he is being sentenced by this Court is a "middle finger" to society and the laws which govern. After serving his first sentence for molestation and production of two girls under 13, while still answering to the State of Tennessee, he had the audacity to molest another young girl and collect a virtual CP library of 217,835 images/videos.

A loud clear response to serve the rest of his life in prison to protect our children is the appropriate response.

General deterrence is imperative in these cases. A life sentence that convinces even one would-be child molester is worth the consideration.

### c. *A sentence of life is needed to protect the public from further crimes of the defendant.*

Our laws gave the defendant a chance to redeem himself in society. He either wouldn't or couldn't do so. Not one more minute in society should be given to the defendant to victimize a child. Any sentence other than a sentence of life leaves our children vulnerable.

## CONCLUSION

A life sentence for Humphries offenses is the only appropriate sentence and it is consistent with the goals of 18 U.S.C. § 3553.

4

Respectfully submitted this 9th day of September, 2020.

                        Douglas J. Overbey
                        United States Attorney

By:    <u>s/ Jennifer Kolman</u>
        Jennifer Kolman
        Assistant United States Attorney
        800 Market Street, Suite 211
        Knoxville, Tennessee 37902
        (865) 545-4167
        jennifer.kolman@usdoj.gov
        GA Bar # 427930

5

Case 3:19-cr-00128-TAV-DCP   Document 29   Filed 09/09/20   Page 5 of 5   PageID #: 122